IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

SHELLEY WOLF,

                        Plaintiff,                        ORDER

    v.

                                                  15-cv-47-wmc

NANCY A. BERRYHILL,
Acting Commissioner of Social Security,

                        Defendant.

The court is in receipt of plaintiff's counsel's request for $14,662.93 in attorney fees under 42 U.S.C. § 406(b). (Dkt. #15.) Normally these requests are not opposed by the government. In this case, however, the Commissioner objects that counsel's request, if granted, would award him more than the permissible 25% of past-due benefits because of his earlier receipt of $6,000 from withheld past-due benefits under § 406(a). (See dkt. #21 at 4-5.) The Commissioner also argues that any award should not include the $581.68 requested from past-due SSI benefits because counsel failed to: (1) provide a notice of award for the SSI benefits and (2) demonstrate that this amount of past-due benefits was withheld. (See *id.* at 5.) Accordingly, the Commissioner argues that counsel's fee should be limited to only the currently-withheld $8,081.25 from past-due DIB. On first blush, these objections appear to have merit. Although counsel may have legitimate responses to the Commissioner's objections, he chose not to respond by the November deadline established by the court.

By default, therefore, the court will award only the uncontested $8,081.25.[1]  This ruling is without prejudice for fourteen (14) days, should plaintiff's counsel wish to move for reconsideration, including an explanation for his failure to timely respond.  Unless such motion is filed by that deadline, this award will be final.  If counsel files a timely motion, the Commissioners will have ten (10) days to submit a response.

ORDER

IT IS ORDERED that:

1) Plaintiff's counsel's motion for reasonable attorney fees under 42 U.S.C. § 406(b)(1) (dkt. #15) is GRANTED in the amount $8,081.25 only.

2) Plaintiff's counsel shall have fourteen (14) days to move for reconsideration, as specified above.  If counsel seeks reconsideration, the Commissioner will then have ten (10) days to respond.

Entered this 7th day of February, 2018.

BY THE COURT:
/s/

_____
WILLIAM M. CONLEY
District Judge

---

[1] The court notes that the Commissioner also objected to counsel's request for fees on the grounds that he failed to: (1) provide an hourly rate for work he performs on a non-contingent basis (dkt. #21 at 5-6); and (2) seek fees under the Equal Access to Justice Act, thereby depriving his client of the refund of the smaller fee award (*id.* at 6-7).  As to the first, the court notes that counsel represents that he does not perform any work on an hourly basis (dkt. #16 at 11) and is satisfied that the rate of $185.78/hour -- calculated by dividing $8,081.25 by the 43.5 hours counsel spent working on the case before this court -- is reasonable.  As to the second, the court does not consider counsel's failure to seek EAJA fees a basis for reducing the requested fee, particularly in light of the fee agreement entered by claimant and her attorney, which advises that "*usually* all of the attorney fee will be paid from [claimant's] past-due benefits" and explains that the EAJA "sometimes" results in a court ordering the government to pay some attorneys' fees.  (Dkt. #15-1 at 2 (emphasis original).)